Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Plaintiff
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone: (646) 328-0120
William R. Bennett, III
wbennett@bgmplaw.com

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 04 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNIPAC SHIPPING, INC.,

Index No.: CV11-1035

Plaintiff,

- against -

NIKI INTERNATIONAL, INC., AE EAGLE
AMERICA, INC., and SALSON CONTAINER
FREIGHT STATION,

Defendants.
-------------------------------------------------------------X

COMPLAINT WITH
DECLARATORY
RELIEF SOUGHT

AMON, J.

CARTER, M.J.

Plaintiff, UNIPAC SHIPPING, INC. ("Unipac"), by and through its attorneys, Bennett, Giuliano, McDonnell & Perrone, LLP, as and for its Complaint against defendants, NIKI INTERNATIONAL, INC. (Niki), AE EAGLE AMERICA, INC. ("AE"), and SALSON CONTAINER FREIGHT STATION ("Salson"), allege upon information and belief as follows:

INTRODUCTION

1.      This is an action seeking a declaratory judgment that Unipac has no legal or monetary obligations to the defendants for the cost, duties, charges, etc. associated with defendant Niki's goods or for the demurrage[1] associated with those goods.

---

[1] Demurrage is defined as a storage charge "levied against cargo remaining on a pier or wharf after the expiration of free time." If delivery is not taken within the free time, the storage charge becomes the consignee's obligation. Port of Boston Marine Terminal Ass'n v. Boston Shipping Ass'n, 420 F.2d 419, 420, 1970 A.M.C. 52, 53 (C.A.Mass. 1970).

## JURISDICTION AND VENUE

2. This action is filed under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

3. The following issues arise from an ocean bill of lading, and thereby, are also covered through the admiralty and maritime jurisdiction of the United States and of this District Court, pursuant to 28 U.S.C. § 1333, and are maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. An actual controversy of a justiciable nature exists between the plaintiff and defendants under an ocean bill of lading and the controversy can be determined by a judgment of this Court without further suit.

5. Venue is proper in this district, as it is where the plaintiff resides, the defendants are subject to the personal jurisdiction of this Court, and it is where the subject ocean bill of lading was issued to defendant Niki.

## PARTIES

6. At all material times, Unipac was and still is a corporation organized under the laws of the State of California with a place of business at 182-16 147th Ave., 2nd Floor, Jamaica, New York 11413.

7. At all material times, Niki was and still is a corporation organized under the laws of the State of New Jersey with a place of business at 9 Cotters Lane, East Brunswick, New Jersey 00816.

8. At all material times, AE was and still is a corporation organized under the laws of the State of New York with a place of business at 147-31 176th Street, Jamaica, New York 11434.

9. At all material times, Salson was and still is a corporation organized under the laws of the State of New Jersey with a place of business at 888 Doremus Avenue, Newark, New Jersey 07114.

## FACTS AND CLAIMS

10. In or around November 2010, freight forwarder Unipac entered into an agreement with consignee Niki to forward Niki's goods (1,457 cartons of cotton sheets) from Shanghai, China to New York, New York and Unipac issued a bill of lading to Niki for the goods. (Exh. 1, Bill of Lading No.: SHA10101780.)

11. Shortly thereafter, Unipac entered into an agreement with ocean carrier AE to transport Niki's goods from Shanghai to New York, with an estimated time of arrival of November 24, 2010. (Exh. 2, AE Arrival Notice/Freight Bill.)

12. Unipac caused an Arrival Notice/Freight Invoice to be sent to Niki, informing Niki that: (1) its goods would be available for pickup on November 26, 2010; (2) the goods would be located at Salson Container Freight Station in Newark, New Jersey; and (3) the last free day before demurrage would be charged by Salson would be December 3, 2010. (Exh. 3, Unipac Arrival Notice/Freight Invoice.)

13. Niki did not contact Salson to arrange to pick up its goods until January 27, 2010, a full 62 days after the goods had arrived at Salson. At which time, Niki was informed that its goods were sold for salvage by Salson on January 20, 2011.

14. Niki took no action to pay Unipac for Unipac's services until January 19, 2011, when Niki remitted payment to Unipac.

15. On February 4, 2011, Unipac received a letter from AE stating that Niki's goods were sold for salvage by Salson because the goods were not picked up from the freight station. (Exh. 4, 4 Feb. 2011 letter from AE.)

16. The February 4, 2011 letter from AE was the first notice that Unipac received regarding the salvage sale of Niki's goods.

### FIRST CAUSE OF ACTION

17. The plaintiff re-adopts and re-alleges all of the paragraphs above as fully set forth herein, and in addition, alleges the following:

18. By reason of the above, the plaintiff is entitled to a declaratory judgment stating that it fulfilled all duties it owed to defendant Niki and owes no further legal duties to Niki for any loss of value between the cargo value and the salvage sale.

### SECOND CAUSE OF ACTION

19. The plaintiff re-adopts and re-alleges all of the paragraphs above as fully set forth herein, and in addition, alleges the following:

20. By reason of the above, the plaintiff is entitled to a declaratory judgment stating that it owes no legal duties to AE or Salson for the demurrage accrued during the approximately 62 days that Niki's goods remained at the freight station after arrival.

**WHEREFORE**, plaintiff demands: (1) a declaratory judgment finding that any loss of value between the cargo value and the salvage sale with regard to Niki's cargo is not and cannot be legally attributable to plaintiff Unipac; (2) a declaratory judgment finding that the demurrage accrued during the approximately 62 days that Niki's goods remained at the Salson freight

station after arrival is not and cannot be legally attributable to plaintiff Unipac; and (3) any further relief as the equities of the case so demand.

Dated:    New York, New York
          March 2, 2011

                                 Respectfully Submitted,

                                 Bennett, Giuliano, McDonnell & Perrone, LLP
                                 Attorneys for Plaintiff

                                 */s/ William R. Bennett, III*
                                 William R. Bennett, III, Esq.
                                 494 Eighth Avenue, 7th Floor
                                 New York, New York 10001
                                 Telephone:    (646) 328-0120

To:   Niki International, Inc.
      9 Cotters Lane
      East Brunswick, New Jersey 00816

      AE America Eagle, Inc.
      147-31 176th Street
      Jamaica, New York 11434

      Salson Container Freight Station
      888 Doremus Avenue
      Newark, New Jersey 07114

# UNIPAC Shipping Inc.

**BILL OF LADING** DI-14061 FMC 3734

1 OF 6

| SHIPPER / EXPORTER | B/L NO. |
|---|---|
| SHANDONG TAIFENG TEXTILE CO.,LTD.<br>NO.59HUIYUAN STREET ECONOMY DEVELOPMENT ZONE<br>LAIWU SHANDONG<br>CHINA | SHA10101780 |
| | **EXPORT REFERENCES**<br>JF10101153NY |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| NIKI INTERNATIONAL INC<br>9 COTTERS LANE<br>EAST BRUNSWICK, NJ 00816 USA | UNIPAC SHIPPING INC, NEW YORK<br>182-16 147TH AVE. 2ND FLOOR<br>JAMAICA, NY<br>11413<br>TEL:(718) 995-8168<br>FAX:(718) 995-8169 |
| | **POINT AND COUNTRY OF ORIGIN** |

| NOTIFY PARTY | DOMESTIC ROUTING / EXPORT INSTRUCTIONS |
|---|---|
| SAME AS CONSIGNEE | |

| DEPOT | |
|---|---|

| EXPORTING CARRIER | PORT OF LOADING | ONWARD INLAND ROUTING |
|---|---|---|
| NYK CONSTELLATION V.19E43 | SHANGHAI, CHINA | |

| PORT OF DISCHARGE | FOR TRANSSHIPMENT TO | CARGO INSURANCE THRU CARRIER | EXCESS VALUE DECLARATION* |
|---|---|---|---|
| NEW YORK, NY | NEW YORK, NY | COVERED ☐  NOT COVERED ☐ | |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| NIKI INTERNATIONAL INC<br>ITEM:<br>PO NO.:<br>SIZE:<br>COLOR:<br>QTY:<br>NET WEIGHT:<br>CUBE:<br>CARTON_OF_:<br>MADE IN CHINA | 1457CARTONS | 100%COTTON SHEET SET AS PER BUYER'S<br>PO:10148&10185<br><br>ORL Revd on 1/29/2011<br>From CNOR !<br><br>FREIGHT COLLECT<br>TCLU5779000 40HQ AVM3700 1457CARTONS 5931.75KGS 20.09CBM CFS-CFS<br>SAY TOTAL : ONE THOUSAND FOUR HUNDRED FIFTY SEVEN(1457) CARTONS ONLY.<br><br>ON BOARD DATE<br>NOV. 1, 2010 | 5931.750KGS | 20.09CBM |

**ORIGINAL**

| ITEM | PREPAID | COLLECT | |
|---|---|---|---|
| OCEAN FREIGHT | AS ARRANGED | | IN WITNESS WHEREOF, THE UNDERSIGNED, HAS SIGNED THREE (3) BILLS OF LADING, ALL OF THE SAME TENOR AND DATE. ONE OF WHICH BEING ACCOMPLISHED, THE OTHERS TO STAND VOID.<br><br>**UNIPAC SHIPPING INC. AS AGENT FOR THE CARRIER**<br><br>SHANGHAI, CHINA    NOV. 1, 2010<br>BY                                      DATE<br>**AS CARRIER** |

| * IF SHIPPER CLAIMS A GREATER VALUE FOR THE CARGO THAN USD $500.00 PER CARTON, SHIPPER MAY, AT ADDITIONAL COST, DECLARE EXCESS VALUE. | ATTENTION OF SHIPPER. THE TERMS AND CONDITIONS OF THIS NON-NEGOTIABLE BILL OF LADING UNDER WHICH THIS SHIPMENT IS ACCEPTED ARE PRINTED ON THE BACK HEREOF AND ARE ALSO AVAILABLE AT WWW.UNIPACSHIPPING.COM. | B/L NO.<br>SHA10101780 |
|---|---|---|

REV 5/31/07 - 1.0



## AE Eagle America Inc

147-31 176th Street, Jamaica, NY 11434,
Tel:718-995-6789   Fax:718-995-6788

Print Date: 11-17-2010 16:12
OIImport(Oscar.li@ae-eagle.com)

# ARRIVAL NOTICE / FREIGHT BILL

2 of 6

| To: Unipac Shipping, Inc.<br>182-16 147th Avenue, 2nd Floor<br>Jamaica, NY11413, USA<br>TEL: 718-551-3812/3831 FAX: 718-995-8169 | INVOICE NO.<br>USA-AR014770 | INVOICE DATE<br>11-26-2010 |
|---|---|---|
| | HOUSE B/L NO.<br>JF10101153NYC | MASTER B/L NO.<br>OOLU2509143480 |
| | HOUSE DOC NO.<br>USA-OI002463-006949 | AMS REF NO.<br>FCCJ JF10101153NY |
| BROKER | CARRIER<br>OOCL (USA) Inc. | REFERENCE NO. |
| | VESSEL/VOYAGE<br>NYK CONSTELLATION/19E43 | |
| SHIPPER<br>Shanghai T.H.I. Transport Co., Ltd. Shanghai Branch O.B. | PLACE OF RECEIPT | SUB B/L NO. |
| CONSIGNEE<br>Unipac Shipping, Inc. | PORT OF LOADING<br>SHANGHAI, CHINA | ON BOARD DATE<br>Nov 1, 2010 |
| NOTIFY<br>Unipac Shipping, Inc.<br>TEL:718-551-3812/3   FAX:718-995-8169<br>831 | PORT OF DISCHARGE<br>New York | ETA<br>Nov 24, 2010 |
| | PLACE OF DELIVERY<br>NEW YORK, NY | DESTINATION ETA<br>Nov 26, 2010 |
| FREIGHT LOCATION<br>Salson CFS<br>888 Doremus Ave (firm code E614)<br>Newark, NJ07114, USA<br>TEL: 973-776-0001 / 986-0200 FAX: 973-368-1959 | LAST FREE DATE | G.O.DATE |
| | I.T. No | I.T. DATE |
| | I.T. CITY | I.T.DESTINATION |
| DISCHARGE PORT FREIGHT LOCATION<br>9739860200 | BOND CARRIER | |
| | SERVICE TYPE<br>CFS/CFS | |
| REMARKS | TERMS<br>☑ Telex Release       ☐ Need Release Order<br>☑ Freight Collect | |

| PKGS | MARKING | DESCRIPTION OF PACKAGES | WEIGHT | CONTAINER LIST |
|---|---|---|---|---|
| 1457 Cartons | NIKI INTERNATIONAL INC<br>ITEM:<br>PO NO.:<br>SIZE:<br>COLOR:<br>QTY:<br>NET | 100% COTTON SHEET SET AS PER BUYER'S<br>PO: 10148 & 10185 | 5,931.75 KGS<br>13,077.10 LBS<br>20.09 CBM<br>709.50 CBF | TCLU5779000 / 40' HQ |

| TERMS & CONDITIONS | CHARGE ITEM | AMOUNT |
|---|---|---|
| **CARGO WILL BE RELEASED ONLY UPON SURRENDER OF ENDORSED ORIGINAL BILL OF LADING AND CHARGES DUE PAID. PLEASE ALLOW 24-48 HRS FOR RELEASE.<br>**ALL CARGO WHEN DISCHARGE ON WHARF IS AT OWNER'S RISK AND IF NOT REMOVED WITHIN THE FREE TIMES BECOMES SUBJECT TO DEMURRAGE CHARGES. | Warehouse In & Out | 739.09 |
| | *** TOTAL DUE (USD) *** | 739.09 |



## UNIPAC SHIPPING INC - NY
182-16 147TH AVE, 2ND. FLOOR JAMAICA, NY 11413
TEL: 718-995-8168  FAX: 718-995-8169  EMAIL: ellen@unipacshippinginc.com

# ARRIVAL NOTICE / FREIGHT INVOICE

4 of 6

| SHIPPER | REFERENCE NO. | DATE |
|---|---|---|
| SHANDONG TAIFENG TEXTILE CO.,LTD | OINY-14061 | |
| | MASTER B/L NO. | PREPARED BY |
| | OOLU2509143480 | Ellen Ma |
| CONSIGNEE | SUB B/L NO. | HOUSE B/L NO. |
| NIKI INTERNATIONAL, INC. 9 COTTERS LANE EAST BRUNSWICK, NJ 08816 USA ATTN:MARIA TEL:732-238-6364  FAX:1-732-238-7029 | | SHA10101780 |
| | AMS B/L No. | CUSTOMER REF. NO. |
| | FCCJJF10101153NY | 10148&10185 |
| NOTIFY PARTY | VESSEL & VOY NO. | |
| NIKI INTERNATIONAL, INC. 9 COTTERS LANE EAST BRUNSWICK, NJ 08816 USA ATTN:MARIA TEL:732-238-6364  FAX:1-732-238-7029 | NYK CONSTELLATION 19E43 | |
| | PORT OF LOADING | ETD |
| | SHANG HAI,SHANGHAI,CHINA | 10/30/10 |
| | PORT OF DISCHARGE | ETA |
| | NEW YORK, NY | 11/24/10 |
| BROKER | PLACE OF DELIVERY | |
| COMET CUSTOMS BROKER 265 EAST MERRICK ROAD VALLEY STREAM, NY 11580 ATTN : IMPORT TEL:516-837-0430 FAX:1-516-837-0427 | NEW YORK, NY | |
| | FINAL DESTINATION | ETA |
| | NEW YORK, NY | 11/24/10 |
| FREIGHT LOCATION | FIRM CODE | AVAILABLE DATE |
| SALSON CONTAINER FREIGHT STATION,  888 DOREMUS AVENUE NEWARK, NJ 07114 UNITED STATES USA TEL:973-776-0001  FAX:1-973-368-1962 | E614 | 11/26/10 |
| | LAST FREE DATE | G.O. DATE |
| | 12-03-2010 | |
| CONTAINER RETURN | | |
| I.T. NO : | DATE : | PLACE : |

### PARTICULARS FURNISHED BY SHIPPER

| CONTAINER NO./SEAL NO. MARKS & NOS. | NO. OF CONT. NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| * Container No. TCLU5779000 / CFS / AVM3700 / 1457PKGS | 1457 CARTONS | 100% COTTON SHEET | 5931.75 KGS 13077.14 LBS | 20.090 CBM 709 CFT |

*Salvaged Auction on 1/20/2011*

"ORIGINAL B/L REQUIRED"

CFS/CFS

**REMARK:**

---

1. Please make a check payable to "UNIPAC SHIPPING INC"
2. For over US$5,000.00, payment must be cashier check/broker's check or wire transfer. For wire info. please call us.
3. Freight will be released upon receipt of properly endorsed Original Bill of lading and payment, Please allow minimum 24 hours to complete the processing.
4. Consignee has to clear custom and confirm with terminal/container yard/ container stations for freight release prior to pick up. Please pick up cargo ASAP to avoid unnecessary charges. Unipac Shipping Inc. is not reliable for demurrage, per diem or any other subsequential charges not caused by Unipac.
5. If any charges incurred at the whse/terminal such as demurrage, exams, drayage to U.S.D.A. for inspection will be consignee's responsibility.
6. All inland shipments: it is customs brokers responsibility to make sure customs is fully cleared and trucker/broker must call for PU# after cntr has arrived. E-mail/fax Delivery Order to us 3 working days

**Invoice No : NY-15755-A  Due date:11/24/2010**

| DESCRIPTION OF CHARGES | PREPAID | COLLECT |
|---|---|---|
| HANDLING CHARGE | | 65.00 |
| IN & OUT | | 739.09 |
| **TOTAL AMOUNT    USD** | | **804.09** |



# AE EAGLE
## AMERICA INC.

6 of 6

Unipac Shipping, Inc.
182-16 147th Avenue, 2nd Floor
Jamaica, NY 11413
import@unipacshippinginc.com
tel#718-551-3812
fax#718-995-8169

Date: 02/04/2011

To Whom It May Concern:

Reference shipment#USA-OI002463/ OOLU2509143480/ JF10101153NYC

AE Eagle America, Inc. hereby notify Unipac Shipping, Inc. that due to your failure to pick up the cargo, Salson sold the cargo for salvage. AE Eagle America, Inc. has requested the proceeds of the salvage sale and the funds will be turned over to Unipac Shipping upon receipt. AE Eagle America, Inc. is not responsible for any loss of value between the cargo value and salvage sale due to Unipac Shipping's failure to pick up the cargo.

Best regards,

**147-31, 176th Street, Jamaica, NY 11434**
Tel: 718-995-6789 / Fax: 718-995-6785 / E-mail Info@AE-eagle.com
All transaction are subject to our company trading terms and conditions, which are available upon request.